BARNEY v. OYSTER BAY AND HUNTINGTON STEAMBOAT COMPANY, appellant.

*Common carriers — right to exclude person conducting express business on passenger boat.*

Plaintiff insisted upon carrying on an express business upon defendants' passenger boat, carrying a carpet bag containing express packages sent between the places where the boat ran, and also taking orders while on the boat for the delivery of passengers' baggage. *Held*, that the ejection of plaintiff from defendants' boat, for persisting in the transaction of his business, and

the subsequent refusal of defendant to carry plaintiff otherwise than as a passenger, were justifiable. *Barney* v. *Steamboat Martin*, 8 Alb. Law Jour. 54, followed.

APPEAL from a judgment in favor of plaintiff, for $628.27, entered upon the verdict of a jury at the Suffolk circuit, and from an order denying a new trial.

The action was brought to recover damages — 1st, for having been ejected from defendant's steamboat, the *D. R. Martin*, on the 23d day of October, 1871, at Jones' dock, near Huntington, Suffolk county; and, 2d, for having been refused passage on the same boat on the 27th of the same month at New York city.

The plaintiff had been formerly a regular expressman on board of this boat under contract with defendant between Huntington and the city of New York, but before the dates above mentioned the contract had terminated, and the privilege of transacting this business on the boat was granted by defendant to another party.

The plaintiff, however, contrary to the wishes and directions of defendant, continued to advertise and transact his business as before. This business consisted in part in receiving orders on board of the boat from passengers for the delivery of their baggage when they arrived at the end of their route ; in taking charge of such baggage and receiving pay therefor.

At the time of the plaintiff's ejection from the boat at Jones' dock, he had, as he testified, in his possession a ticket for passage on board the boat, which he had purchased and paid for on board. On the 27th of October, in the city of New York, plaintiff applied for passage and was told he might go as a passenger, but unless he would promise to do no express business he could not go on board of the boat.

Upon the first cause of action alleged, a former action was commenced in the United States district court, against the steamboat *D. R. Martin.* This action was tried and judgment rendered in plaintiff's favor, but this judgment was, on appeal to the United States circuit court, reversed. The decision, on appeal, is reported in 8 Alb. Law Jour. 54.

In the present action, plaintiff insisted that he had the right to carry on the express business on the boat as formerly, and that the defendant had no control over it. He also insisted upon carrying a carpet bag containing express matter free.

Both these claims were resisted by the defendant. The former

action in the United States district court was plead in bar of the first claim in this action.

*Thomas Young,* for appellants.

*J. M. Guiteau,* for respondent.

BARNARD, P. J. I think the justice at circuit erred in not nonsuiting the plaintiff. There was but a single cause of action for which plaintiff asked damages, and that was for a refusal to carry plaintiff on the 27th of October, and subsequently, "so long as he (plaintiff) transacted the business he was engaged in, to wit: His express business." The evidence of the plaintiff clearly shows, that his claim was to travel as an expressman on the defendant's boat. This he had no right to do. *Barney* v. *Steamboat D. R. Martin,* opinion by Judge HUNT, 8 Alb. Law Jour. 54.

The plaintiff in his complaint does not complain that he was refused as a passenger.

He does not claim it as a witness upon the trial. If he did, the evidence is overwhelming that such is not the fact. If it was right to send the case to the jury, their verdict was against the evidence.

Judgment reversed, and new trial granted, costs to abide event.

*Judgment accordingly.*